# STATE v. JOHN M. HARRIS.[1]

January 2, 1912.

Nos. 17,387—(3).

**False pretense—representation as to purchaser's ability to pay.**
    A representation by the defendant, charged with obtaining property by false pretenses, that he "was the brother of one V. V. Harris, a contractor at the city of Virginia, Minnesota, and that he and the said contractor, as partners, had a contract with the Oliver Iron Mining Company, a corporation, at the city of Virginia," does not relate to the defendant's "ability to pay," within the meaning of section 5089, R. L. 1905, providing that a purchase of property by means of a false pretense is not criminal, where the false pretense relates to the purchaser's means or ability to pay, unless such pretense shall be made in writing and signed by the party to be charged.

Appeal by defendant from a judgment of the district court for St. Louis county, Ensign, J., sentencing him to imprisonment in state's prison for four years after conviction of grand larceny in the first degree. Affirmed.

*William Harold Gurnee* and *Mason M. Forbes,* for appellant.

*George T. Simpson,* Attorney General, *John H. Norton,* County Attorney, and *Warren E. Greene,* First Assistant County Attorney, for the State.

SIMPSON, J.

The defendant was charged with the crime of grand larceny in the first degree, committed by obtaining from one Runquist five horses and two mules by fraudulent representations. The representation charged as false in the indictment is: "The said John M. Harris was the brother of one V. V. Harris, a contractor at the city of Virginia, Minnesota, and that he and the said contractor, as partners, had a contract with the Oliver Iron Mining Company, a corporation, at the city of Virginia aforesaid." The defendant was

[1] Reported in 133 N. W. 980.
    116 M.—26.

found guilty upon his trial, and by the judgment of the court sentenced to imprisonment in the state's prison. This appeal is taken from the judgment.

1. The first point raised by the defendant under the assignments of error is that under section 5089, R. L. 1905, a purchase of property by means of a false pretense is not criminal, where the false pretense relates to the purchaser's means or ability to pay, unless such pretense shall be made in writing and signed by the party to be charged, and that the false pretense here charged related to the defendant's ability to pay for the stock obtained, and that it was not in writing.

The representation charged in the indictment does not relate directly to the defendant's ability to pay. The direct inference to be drawn from the representation was that the defendant was located at a near-by city, engaged with his brother, a contractor, in such city in carrying out a contract there requiring horses. Such a representation would be material, and might induce the owner of horses to sell them to the defendant on credit. The fact that this representation related to the likelihood of the defendant paying for the property does not bring it within the terms of the statute. To give to the statute a construction that every representation that induced in the mind of the seller of property a belief that the purchaser would pay therefor would make meaningless the phrase in the statute limiting the representation required to be in writing to such as relate to the ability to pay.

The court properly determined as a matter of law that the representation charged in the indictment was not within the terms or meaning of section 5089, R. L. 1905. The court, therefore, properly refused to give to the jury defendant's first request to charge, which, if given, would have, in effect, submitted to the jury for its determination the question of whether such representations related to the defendant's ability to pay, within the meaning of the section of the statute referred to.

2. It is further urged that the court erred in submitting to the jury the question of whether the claimed false representation was made as charged in the indictment.

The language of the indictment is that the defendant represented himself to be a brother of V. V. Harris, a contractor at Virginia. The evidence disclosed that V. V. Harris was a contractor at Virginia, and the only contractor there by the name of Harris. The complaining witness, in testifying to the conversation in which the claimed false representation was made, did not testify that the defendant gave the initials of the man Harris claimed to be his brother at Virginia, but otherwise described him as charged in the indictment. There was no variance between the proof and the indictment. The evidence sufficiently identified the Harris described by the defendant as his brother as the same Harris identified in the indictment by the initials "V. V." The evidence and the indictment clearly referred to the same person. The difference in the method of describing that person used in the indictment and the evidence was wholly immaterial.

We have considered the other assignments of error made by the defendant, but find in the instructions and rulings therein referred to nothing constituting error prejudicial to the defendant.

The judgment is affirmed.